IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  *Plaintiff,*  vs.  TERENCE L. THOMAS,  *Defendant.* | Case No. 16-cr-10034-EFM |

**MEMORANDUM AND ORDER**

Defendant Terence Thomas pleaded guilty to one count of bank robbery and one count of brandishing a firearm during and in relation to a Hobbs Act robbery. He was sentenced to 144 months imprisonment. Proceeding *pro se*, Thomas now moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 38). He argues that his sentence should be vacated or reduced based on ineffective assistance of counsel, prosecutorial misconduct, and the United States Supreme Court's decisions in *Johnson v. United States*[1] and *United States v. Davis*.[2] For the following reasons, the Court denies Petitioner's motion without holding an evidentiary hearing.

---

[1] 576 U.S. 591 (2015).

[2] ---U.S.---, 139 S. Ct. 2319 (2019).

## I.     Factual and Procedural Background

On March 1, 2016, a grand jury issued an indictment charging Petitioner with four counts of bank robbery, one count of Hobbs Act robbery, and one count of brandishing a firearm during and in relation to a Hobbs Act robbery. On January 24, 2017, Petitioner pleaded guilty to Count 1 (bank robbery in violation of 18 U.S.C. § 2113) and Count 6 (brandishing a firearm during and in relation to a Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)). The plea agreement stated that "[D]efendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea." It also included a Waiver of Appeal provision in which Petitioner agreed to waive the right to appeal his sentence except to the extent the Court departed upwards from the applicable sentencing guideline range.

The presentence investigation report identified Petitioner's applicable guideline range for Count 1 as 37 to 46 months. The guideline range for Count 6 was the minimum term required by statute, which was seven years to run consecutively to any other term of imprisonment imposed.[3] Neither Petitioner nor the government objected to the PSR. On April 21, 2017, the Court sentenced Defendant to 60 months on Count 1 and 84 months on Count 6, to run consecutively. The Court departed upward from the guideline range on Count 1 based Petitioner's conduct and history.

Petitioner did not file a direct appeal. On August 14, 2019, Petitioner filed the instant motion asserting four grounds for relief. For the first ground, he asserts three issues: (1) he received an upward variance for no just cause, (2) he wishes to take back his guilty plea because of ineffective assistance of counsel and prosecutorial misconduct, and (3) his sentence was

---

[3] 18 U.S.C. § 924(c)(1)(A)(ii).

improperly calculated based on the Supreme Court's holdings in *Johnson* and *Davis*. For the second ground, Petitioner argues that although he prepared a motion asserting his sovereignty, he was forced to have someone represent him. For his third ground, he argues that he learned after pleading guilty that the victims of his alleged offenses did not want him to be imprisoned, and he would never have pleaded guilty if he knew this information. For the fourth ground, Petitioner asserts that his counsel refused to file a notice of appeal on his behalf despite Petitioner asking him to do so several times.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[4] The petitioner

---

[4] 28 U.S.C. § 2255(b).

must allege facts that, if proven, would warrant relief from his conviction or sentence.[5] An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[6]

Finally, Petitioner appears pro se. Therefore, his pleadings are to be construed liberally and not held to the standard applied to an attorney's pleadings.[7] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[8] It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant."[9] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[10]

### III.   Analysis

The government contends that Petitioner's motion is untimely. Under § 2255(f), a federal prisoner has one year to file his motion for relief. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

[5] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[6] *See id*. at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[7] *Hall v Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[8] *Id.*

[9] *Id.*

[10] *See Whitney v State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[11]

Petitioner's motion is not timely under § 2255(f)(1). Petitioner's judgment of conviction became final on May 6, 2017.[12] He filed the instant motion on August 14, 2019, more than two years later. Thus, Petitioner's motion is barred by the statute of limitations unless the circumstances of this case fall within § 2255(f)(2) through (f)(4).

Neither § 2255(f)(2) nor (f)(4) offer Petitioner any relief. As to § 2255(f)(2), Petitioner does not allege, and the facts do not support, that an unconstitutional practice prohibited him from accessing the court to challenge his sentence. As to § 2255(f)(4), Petitioner has not shown that he was unable to discover the basis for his claims before August 14, 2018, which is one year before he filed his § 2255 motion.[13] Petitioner alleges that he directed his counsel to file an appeal after the sentencing hearing, but this allegation does not show that he acted with due diligence to

---

[11] 28 U.S.C. § 2255(f).

[12] Fed. R. of App. P. 4(b)(1)(A) (requiring a notice of appeal to be filed within 14 days of the entry of judgment of conviction); *see also United States v. Smith*, 65 F. App'x 201, 202 (10th Cir. 2003) ("As the district court observed, [the defendant's] convictions became final . . . when the time for filing a notice of appeal of his convictions expired.) (citing *Kapral v. United States*, 166 F.3d 565 577 (3d Cir. 1999)).

[13] *See United States v. Rauch*, 520 F. App'x 656, 657-58 (10th Cir. 2013) (noting that for a § 2255(f)(4) argument to succeed, the petitioner must show that he was unable to discover the basis for his claim within the one-year limitation period).

discover facts supporting his claim that an appeal was not filed. Nor does this allegation show when Petitioner learned that no appeal was filed.[14]

Section 2255(f)(3) affords Petitioner some relief as to his claim that his sentence for Count 6 (brandishing a firearm during and in relation to a Hobbs Act robbery) should be vacated under *United States v. Davis*. In *Davis*, the Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague under due process and separation of powers principles.[15] The Tenth Circuit has held that *Davis* is retroactively applicable on collateral review.[16] The Supreme Court decided *Davis* on June 24, 2019.[17] Because Petitioner filed his motion less than one year from this date, the motion, as it pertains to Count 6, was timely filed.

Petitioner's argument with respect to Count 6, however, is without merit. In *Davis*, the government pursued a charge under 18 U.S.C. § 924(c) for brandishing a firearm in connection with conspiracy to commit a Hobbs Act robbery.[18] The predicate offense for this charge—conspiracy to commit a Hobbs Act robbery—fell within the residual clause of § 924(c)(3)(B).[19] Here, however, Petitioner's predicate offense was the commission of a Hobbs Act robbery. In

---

[14] A defendant must file a notice of appeal within 14 days of the entry of judgment of conviction. Fed. R. App. P. 4(b)(1)(A). Here, Petitioner has not made any allegations as to why he did not know that no appeal was filed in 2017. *See United States v. Walker*, 2012 WL 1623508, at *3 (D. Kan. 2012) (finding that the petitioner did not meet his burden to show that his motion was timely under § 2255(f)(4) because he did not point the court to any facts recently discovered).

[15] 139 S. Ct. at 2336.

[16] *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019).

[17] 139 S. Ct. 2319.

[18] *Id.* at 2324.

[19] *Id.*

*United States v. Melgar-Cabrera*,[20] the Tenth Circuit held that a Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A).[21]  Therefore, the predicate Hobbs Act robbery offense used to support Petitioner's conviction under Count 6 was an offense under the elements clause of § 924(c)(3)(A) and not the residual clause of § 924(c)(3)(B).  Accordingly, *Davis* is not applicable here, and Petitioner's claim as to Count 6 is without merit.

Although Petitioner's remaining claims are barred by the statute of limitations, the statute is subject to equitable tolling if Petitioner establishes:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[22]  Equitable tolling is available only in "rare and exceptional circumstances."[23]  Petitioner has not provided any basis for this Court to toll the statute of limitations in this case.

Overall, Petitioner's motion is barred by the one-year statute of limitations except to the extent Petitioner seeks to vacate his sentence for Count 6 under *Davis*.  Petitioner's motion is not timely under § 2255(f)(1) because he filed it more than one year after the judgment of conviction became final.  Petitioner's motion is not timely under § 2255(f)(2) or (f)(4) because he has not alleged facts or stated reasons as to why the statute of limitations should be tolled under these sections.  Although Petitioner's motion is timely under § 2255(f)(3) as it pertains to Count 6, Petitioner is not entitled to relief.  *Davis* is not applicable in this case because the predicate offense

---

[20] 892 F.3d 1053 (10th Cir. 2018).

[21] *Id.* at 1064-65.  The Tenth Circuit recently revisited whether a Hobbs Act robbery is a crime of violence under the elements clause or the residual clause of § 924(c) and held that *Melgar-Cabrera* is still binding precedent. *United States v. Myers*, 786 F. App'x 161, 162-63 (10th Cir. 2019).

[22] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[23] *United States v. Lee*, 163 F. App'x 741, 743 (10th Cir. 2006) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

for Count 6 (the commission of a Hobbs Act robbery) is a crime of violence under the elements clause of § 924(c)(3)(A) and not the residual clause of § 924(c)(3)(B).

## IV.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[24] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[25] For the reasons explained above, Petitioner has not made a substantial showing of a denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 38) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of October, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[24] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. See 28 U.S.C. § 2253(c)(1).

[25] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).