## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 16-10034-EFM |
| TERENCE L. THOMAS, | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Terence L. Thomas's Motion for Compassionate Release (Doc. 58).  He seeks early release from prison, asserting that he has several extraordinary and compelling reasons.  These include (1) that the Court's upward variance on his sentence was unjust, (2) that his due process rights were denied because he was unable to previously represent himself, and (3) that his mental health has deteriorated.  The government opposes Defendant's motion.  For the reasons stated in more detail below, the Court dismisses in part and denies in part Defendant's motion.

### I.      Factual and Procedural Background

On January 30, 2017, Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a), and brandishing a firearm during and in relation to a Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c).  On April 19, 2017, Defendant was sentenced to 144 months' imprisonment.

Defendant is 30 years old, and he is currently incarcerated at Devens Federal Medical Center.  His projected release date is January 10, 2027.

On January 28, 2022, Defendant filed this motion seeking early release from prison.

## II.      Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[1]  It allows defendants to seek early release from prison provided certain conditions are met.  First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2]  Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[3]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[4]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction; (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission;"  and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[5]   The Tenth Circuit also recently clarified that "the Sentencing

---

[1] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[4] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[5] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[6]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[7]  If, however, the Court grants the motion, the Court must address all steps.[8]

### III.    Analysis

Defendant seeks early release based on (1) the Court giving him an upward variance, (2) a "due process" violation because he was not allowed to represent himself, and (3) mental health issues that have deteriorated while in prison.  The government opposes his motion.

### A.    Exhaustion

As to the first two issues, the government asserts that they are not appropriately before the Court because Defendant did not exhaust these issues with the warden.  In addition, the government contends that these issues are ones that are more appropriately brought in a § 2255 motion.[9]  The Court agrees.  Thus, the Court will not consider the first two issues and dismisses them.[10]

---

[6] *Maumau*, 993 F.3d at 837 (citations omitted).  This clarification effectively removes one of the requirements for motions filed directly by a defendant.  *See United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[7] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[8] *McGee*, 992 F.3d at 1043 (citation omitted).

[9] "A motion under § 3582 is not a substitute for civil post-conviction relief."  *United States v. Sears*, 2020 WL 3288083, at *1 (D. Kan. 2020) (citation omitted).

[10] The Court notes that Defendant references [28 U.S.C. §] 2241 in his reply, but he does not provide any clear statement as to why he references § 2241.  The Court also notes that Defendant previously filed an untimely motion under 28 U.S.C. § 2255 asserting that his sentence was unjust due to the upward variance.  The Court did not rule on the merits of his claim because his motion was filed two years after his sentence was imposed.  Doc. 45.

With regard to Defendant's mental health issues, the government concedes that Defendant exhausted this issue because he presented this request to the Warden on June 10, 2021, and the request was denied on July 20, 2021.  Although the government concedes Defendant exhausted this issue, Defendant filed an untimely reply to his motion for release in which he strangely contends that the administrative process is *not* exhausted.  He states that he appealed to the central office, and he has not received a reply, but he nevertheless presents evidence that he suffers from a deteriorating condition.

The Court has reviewed Defendant's attached documents to his reply.  Defendant's appeal was denied on January 14, 2022, by the Acting Regional Director.  This document states that if Defendant is not satisfied with the response, he should appeal to the General Counsel, Federal Bureau of Prisons within 30 days of the response.  Defendant also includes a document, dated February 23, 2022, in which he appears to appeal that decision.  The Court will consider Defendant's mental health issues exhausted because Defendant's administrative appeal appears that it would be untimely, he states that he has not received a reply to this appeal, and the government previously stated that Defendant exhausted this issue.

## B.     Extraordinary and Compelling Reasons

Defendant asserts that his mental health condition, combined with multiple isolations and segregation, is contributing to deteriorating mental health.  "District courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case."[11]

---

[11] *Maumau*, 993 F.3d at 833.

Here, Defendant has a mental health condition—schizophrenia.  His medical records from prison, however, indicate that he is doing well on the prescribed medication.  Although the Court is sympathetic to Defendant's concerns regarding his mental condition, it appears as though his facility is managing it well, and he is getting the medication and resources that he needs while in prison.  A continuing mental health condition, with no indication that there are adverse issues, is not an extraordinary and compelling reason warranting a sentence reduction under § 3582.

## C.      Section 3553(a) Factors

The Court's conclusion is further bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[12]   Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[13]   Defendant pleaded guilty to the serious offenses of bank robbery and brandishing a firearm during and in relation to a Hobbs Act robbery. The Court departed from the sentencing guideline range and imposed an upward variance, ultimately sentencing Defendant to 144 months' imprisonment based on Defendant's history and offenses.  Defendant had numerous prior offenses, and he committed the serious offenses for which he pleaded guilty within two weeks of being released on parole.[14]   In sum, the Court remains convinced that finds that 144 months is the appropriate sentence.  Reducing Defendant's sentence

---

[12] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining whether to modify an imposed term of imprisonment).

[13] 18 U.S.C. § 3553(a).

[14] Defendant was released on parole on October 23, 2015, and he started committing the offenses on November 3, 2015.

to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. Accordingly, on the issue of Defendant's mental health, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 58) is **DISMISSED IN PART and DENIED IN PART**.  The unexhausted issues are dismissed, and the Court denies Defendant relief on the one exhausted issue.

**IT IS SO ORDERED**.

Dated this 29th day of March, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE